UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| DAVIDE THOMPSON, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No. 3:22-CV-252-KAC-DCP |
| C/O MOORE, C/O CUTTER, SGT. MUNSEY, | ) |
| Defendants. | ) |

# MEMORANDUM OPINION

Plaintiff Davide Thompson, an inmate in the custody of the Tennessee Department of Correction ("TDOC") currently housed at the Bledsoe County Correctional Complex ("BCCX") who is proceeding pro se and *in forma pauperis*, filed a Complaint under 42 U.S.C. § 1983 [Doc. 1]. Plaintiff's Complaint is before the Court for screening in accordance with the Prison Litigation Reform Act ("PLRA"). *See* 28 U.S.C. §§ 1915(e)(2), 1915A. For the reasons set forth below, the Court dismisses this action because the Complaint fails to state a claim upon which relief may be granted under Section 1981.

## I. PLRA SCREENING STANDARD

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or "seek[] monetary relief from a defendant who is immune from such relief." *See* 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B); *see also Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard that the Supreme Court articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the

relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (citations omitted). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 570. However, the Supreme Court has instructed that courts should liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than "formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## II.     ALLEGATIONS OF COMPLAINT

On June 8, 2022, in BCCX Unit 21A Correctional Officer ("CO") Cutter allegedly denied Plaintiff his lunch food tray [Doc. 1 at 4]. CO Cutter's denial of a food tray to Plaintiff has been an "ongoing issue" [*Id.*]. When officials denied Plaintiff's request to speak with a sergeant about CO Cutter's conduct, Plaintiff sought a blood pressure check, which would require him to be released from his cell and potentially give him an opportunity to speak to the unit manager [*Id.*]. Plaintiff was then "escorted to medical" [*Id.*].

Plaintiff was later returned to his cell and instructed by Sgt. Munsey to face the wall so that his handcuffs could be released [*Id.* at 4-5]. Plaintiff was presumably backed up against the closed cell door with the officers outside of the cell, as he alleges that this handcuff release occurred through the "pie flap" of the door [*Id.*]. Plaintiff maintains that CO Moore was operating the latch of the pie flap, and that when Plaintiff's placed his fingers inside of the pie flap, CO Moore "used all his force of his stature" to "slam" Plaintiff's hand in the pie flap [*Id.* at 5]. Plaintiff requested that photographs be taken of his injury but was told that the injury was not serious, even though

2

Plaintiff's finger was bleeding and "busted to the bone" [*Id*.]. The injury allegedly required stitches, which were removed by "medical" on June 16, 2022 [*Id*.].

On June 17, 2022, CO Cutter was operating the food cart from which Plaintiff's dinner tray was to be provided [*Id*.]. Plaintiff asked Officer Green, the "sign officer" responsible for ensuring that each inmate was fed, to feed Plaintiff instead of CO Cutter, but she replied that she had "nothing to do with it" [*Id.*].

Plaintiff filed grievances related to the denial of food and his finger being smashed, but "nothing was done" [*Id*.]. Plaintiff filed the instant suit against Defendants Moore, Cutter, and Munsey in their individual capacities [*Id*. at 4]. Specifically, Plaintiff contends that CO Moore used excessive force against him [*Id*. at 6]. Plaintiff maintains that CO Cutter exposed him to cruel and unusual punishment by repeated abuses of power and use of food restrictions to psychologically abuse inmates [*Id*. at 6-7]. Finally, Plaintiff alleges that Sgt. Munsey's presence at the time Plaintiff's finger was smashed, as well as the fact that this supervisor failed to obtain immediate medical treatment for Plaintiff's injury, demonstrates the officer's indifference to CO Moore's actions [*Id*. at 7]. Plaintiff seeks monetary damages from each Defendant [*Id*. at 8].

### III. ANALYSIS

"There are two elements to a . . . [Section] 1983 claim. First, a plaintiff must allege that a defendant acted under color of state law. Second, a plaintiff must allege that the defendant's conduct deprived the plaintiff of rights secured under federal law." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012) (citing *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010)).

1. **The Complaint Fails to State a Claim Against Defendant CO Cutter.**

Plaintiff maintains that CO Cutter refused Plaintiff a lunch food tray on June 8, 2022, and that Plaintiff has an "ongoing" problem with CO Cutter passing out his food tray [*See* Doc. 1 at 4]. To the extent that Plaintiff seeks to impose constitutional liability on CO Cutter for his alleged lack of professionalism, disrespectful attitude, harassment, or verbal abuse, Plaintiff fails to allege conduct that states a cognizable Section 1983 claim. *See, e.g., Faulkner v. Davidson Cnty. Sheriff's Off.*, No. 3:14-MC-00740, 2014 WL 3723205, at *2 (M.D. Tenn. July 24, 2014) (citing *Williams v. Gobies*, 211 F.3d 1271, 2000 WL 571936, at *1 (6th Cir. May 1, 2000)) ("Allegations of threats and verbal abuse do not state cognizable claims under § 1983."). Moreover, Plaintiff's allegations indicate that CO Cutter's conduct is sporadic. There are no facts in Plaintiff's Complaint that would allow the Court to plausibly infer that the intermittent deprivation of food has negatively affected Plaintiff's health in any way. As such, the allegation that CO Cutter has sometimes deprived Plaintiff of a food tray fails to state a claim upon which relief may be granted under Section 1983. *See Cunningham v. Jones*, 567 F.2d 653, 659-60 (6th Cir. 1977) (providing that where a prisoner's diet is sufficient to sustain the prisoner's good health, no constitutional right has been violated).

Relatedly, because Plaintiff has not alleged that he has suffered any physical injury as a result of CO Cutter's alleged actions, Plaintiff cannot recover for mental or emotional injuries as a result of Defendant Cutter's conduct. *See* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury[.]"). Accordingly, Plaintiff has failed to state a claim against CO Cutter, and the Court **DISMISSES** Defendant CO Cutter.

### 2. The Complaint Fails to State a Claim Against Defendant Sgt. Munsey.

Plaintiff seeks to impose liability against Sgt. Munsey because (1) Sgt. Munsey was present when Plaintiff's hand was injured, (2) Sgt. Munsey supervised the individual who injured Plaintiff, and (3) Sgt. Munsey failed to acquire medical treatment for Plaintiff. However, neither Sgt. Munsey's mere presence at the scene nor his supervisory status allow the Court to impose liability on Sgt. Munsey. Rather, to establish a claim for damages against Sgt. Munsey, Plaintiff must demonstrate that Sgt. Munsey's own conduct violated Plaintiff's constitutional rights. *See Robertson v. Lucas*, 753 F.3d 606, 615 (6th Cir. 2014) ("A critical aspect of the § 1983 . . . universe is that to be held liable, a plaintiff must demonstrate 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'") (quoting *Iqbal*, 556 U.S. at 676). A supervisor cannot be held liable under Section 1983 based solely on the unconstitutional conduct of their subordinates. *See Iqbal*, 556 U.S. at 676 ("Our precedents establish . . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). To specifically establish a claim against a supervisor, Plaintiff must show that "'the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Colvin v. Caruso*, 605 F.3d 282, 292 (6th Cir. 2010) (quoting *Cardinal v. Metrish*, 564 F.3d 792, 802-03 (6th Cir. 2009)); *see also McQueen v. Beecher Cmty. Schs.*, 433 F.3d 460, 470 (6th Cir. 2006).

Plaintiff has not alleged any facts to suggest that Sgt. Munsey either encouraged or participated in CO Moore's alleged unconstitutional actions, and liability against Defendant Sgt. Munsey cannot be based on his status as a supervisory official or his mere presence at the scene. Moreover, while Plaintiff alleges that Sgt. Munsey failed to ensure that Plaintiff received medical attention after his fingers were closed in the pie flap, the documents attached to Plaintiff's

5

Complaint demonstrate that Plaintiff received medical care at the time of the incident and received a referral to a physician for further care [*See* Doc. 1 at 17]. Therefore, the Complaint fails to state a cognizable Section 1983 claim against Sgt. Munsey, and the Court **DISMISSES** Defendant Sgt. Munsey.

### 3. The Complaint Fails to State a Claim Against Defendant CO Moore.

Finally, Plaintiff seeks monetary damages from Defendant CO Moore after Defendant Moore allegedly "used all his force" to slam Plaintiff's hand inside of the pie flap on June 8, 2022 [Doc. 1 at 5]. The allegation that Defendant Moore used excessive force against Plaintiff implicates the Eighth Amendment's prohibition against cruel and unusual punishment. *Combs v. Wilkinson*, 315 F.3d 548, 556 (6th Cir. 2002). In determining whether a prison official has violated the Eighth Amendment's prohibition against cruel and unusual punishment, courts look at two components: (1) "whether force was applied in a good faith effort to maintain and restore discipline or maliciously and sadistically for the very purpose of causing harm"—the subjective component—and (2) whether the conduct, in context, is sufficient serious to offend "contemporary standards of decency"—the objective component. *Hudson v. McMillan*, 503 U.S. 1, 6, 9 (1992) (citations omitted).

The subjective component requires consideration of the need for the use of force, the relationship between that need and the force used, the threat reasonably perceived by the official, and the extent of the injury. *Hudson*, 503 U.S. at 7. To satisfy the objective component, an inmate need not prove a serious injury, but the extent of the injury may be probative of whether the force was plausibly "thought necessary" in the situation. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (quoting *Hudson*, 503 U.S. at 7). However, "not every malevolent touch by a prison guard" creates a federal claim, and *de minimis* uses of physical force that are "not repugnant to the conscience of mankind" do not violate the Eighth Amendment. *Id*. (quoting *Hudson*, 503 U.S. at 9). In fact, the

6

good faith use of physical force in pursuit of a valid penological objective will rarely, if ever, violate the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 319–20 (1986); *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981).

Here, Plaintiff alleged only that his fingers were in a pie flap forcefully closed by Defendant CO Moore, and that he was injured as a result. Plaintiff has not provided the Court with any facts explaining why his hand was in the pie flap or suggesting that Defendant Moore knew or should have known that Plaintiff's hand was in the pie flap at the time Defendant Moore attempted to close it. Based on the facts alleged by Plaintiff, Defendant Moore's act of closing the pie flap door with Plaintiff's fingers inside equally explainable as accidental as it is intentional. In fact, in an injury report Plaintiff submitted along with his Complaint, both Plaintiff and Defendant Moore signed the report indicating that the injury occurred because Plaintiff "stuff[ed]" his fingers in the pie flap as it was being shut [Doc. 1 at 17]. Therefore, Plaintiff has not presented the Court with any facts from which it could plausibly infer that Defendant Moore shut the pie flap with knowledge that Plaintiff's fingers were inside "for the very purpose of causing harm." *Hudson*, 503 U.S. at 6. Accordingly, therefore, the Complaint fails to "nudge[] [this claim] across the line from conceivable to plausible" as to Defendant Moore. *See Twombly*, 550 U.S. at 570. Thus, the Court **DISMISSES** Defendant CO Moore.

IV. **CONCLUSION**

For the reasons set forth above, even liberally construing the Complaint in Plaintiff's favor, it fails to state a claim upon which relief may be granted under Section 1983. Accordingly, the Court **DISMISSES** this action pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24. Accordingly, should Plaintiff file a notice of appeal, he is **DENIED** leave to appeal *in forma pauperis*. See 28 U.S.C. §1915(a)(3).

**SO ORDERED. AN APPROPRIATE JUDGMENT WILL ENTER.**

**ENTER:**

 s/Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge